## 63916. WILSON v. THE STATE.

POPE, Judge.
Christopher Harold Wilson was convicted of burglary (two counts) and motor vehicle theft and as a recidivist. His sole

enumeration of error is the trial court's denial of his motion for directed verdict as to one of the burglary counts. We will limit our discussion accordingly.

Appellant was indicted for the burglary of the premises of Crum Trucking Company, Inc. near Tifton, Georgia. The evidence showed that shortly after midnight on April 3, 1981 a patrolling deputy sheriff observed a small, red compact car backed up to within a few feet of the west door of Crum Trucking Company. As he passed the premises the deputy observed someone lying on the trunk lid of the car so that his body fit the form of the car. The deputy turned his vehicle around and returned to the premises, but the person was no longer on the trunk. The deputy exited the patrol car and as he approached the red car, he heard it running and observed someone "sitting way down in the seat where you had to get right up side the car to see him." At this time the red car sped away and a high-speed chase ensued, ending when the red car crashed into a railroad boxcar. Appellant was the driver and sole occupant of the red car.

A state's witness testified that one of the front windows of the subject premises had been broken and glass therefrom was on the inside of the building, indicating that the window had been broken from the outside. This window had not been broken when the witness had closed the premises on the previous afternoon. A filing cabinet in the Crum Trucking Company office had been bent open, ". . . like it had been tried to be pried open and it was sort of bent . . ." The filing cabinet had not been bent on the previous afternoon. Finally, a westerly facing window in a small office behind Crum Trucking Company had also been broken in during the night in question.

Appellant voluntarily gave a statement to the police after his arrest. As is here pertinent, he stated: "Then I went to Crum Trucking Company on U. S. Highway 82 East. Broke out window on southwest side of the building. Didn't find any money. I broke out another window. That is when I seen the blue light and drove away and hit the train. I think the train ran over me the way I feel."

Appellant argues on appeal that the foregoing evidence — his presence in a car outside the subject premises, his statement, and his flight from the deputy — adds up to no more than suspicious conduct. We disagree. Although there is no *direct* evidence that appellant entered the subject premises, the evidence that the office window had been broken in and the filing cabinet in the office had been pried open, when combined with appellant's statement in which he admitted breaking the office window but "didn't find any money," was amply sufficient to withstand appellant's motion for directed verdict. Accord, *Maddox v. State,* 149 Ga. App. 110 (1) (253 SE2d 456) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

Decided September 10, 1982.

*David E. Perry, Diane L. Perry,* for appellant.
*Thomas H. Pittman, District Attorney, C. Paul Bowden, Assistant District Attorney,* for appellee.